# DAVIS *v.* DAVIS.

## (*Nashville.*   January 8, 1889.)

1. COUNTY COURT.   *Jurisdiction.*   *Sale of decedents' lands to pay debts.*

   County Courts have jurisdiction of proceedings to sell decedents' lands to pay debts, and, as incident thereto, to hear proof and adjudicate the claims of creditors presented in such proceedings, although there has been no suggestion of insolvency of the estate.

   Code cited: §§ 3105, 3106, 4980, 5004, 5005 (M. & V.) ; §§ 2267, 2268, 4201, 4232, 4233 (T. & S.).

   Cases cited and approved : Burgner *v.* Burgner, 11 Heis., 732; Kindell *v.* Titus, 9 Heis., 727; Norville *v.* Coble, 1 Lea, 467; Connell *v.* Walker, 6 Lea, 712.

2. SLANDER.   *Charge of Perjury.*   *Oath.*

   Action for slander can be maintained by a witness who has been wrongfully accused of perjury in his deposition given in such proceedings.

   The oath administered to such witness is legal and binding.

   Cases cited and distinguished: Jones *v.* Morris, 11 Hum., 216; 10 Bush., 758.

---

### FROM DEKALB.

---

Appeal in error from Circuit Court of DeKalb County.   M. D. SMALLMAN, J.

R. C. NESMITH and WEBB & AVANT for plaintiff.

J. B. ROBINSON and B. G. ADCOCK for defendant.

CALDWELL, J. This is an action for slander, brought in the Circuit Court of DeKalb County by J. P. Davis against T. J. Davis.

It is averred in the declaration that the defendant falsely and maliciously charged the plaintiff with having committed the crime of perjury while testifying, in his deposition as witness, to a certain material matter, about which he had been sworn, in the cause of *T. J. Davis, adm'r, etc., et al.* v. *Coleman Davis et al.,* then pending in the County Court of DeKalb County.

The defendant put in a plea of *not guilty.*

On the issue thus made the parties went to trial before Court and jury. Verdict and judgment were for the defendant, and plaintiff appealed in error.

At the trial below the plaintiff examined the Clerk of the County Court, who testified that he qualified plaintiff to the deposition referred to in the declaration. Then the deposition itself and other portions of the record in the County Court cause were introduced as evidence in behalf of the plaintiff.

From that record it appeared that T. J. Davis, as administrator of Solomon Davis, deceased, and other persons filed their bill in the County Court of DeKalb County to sell land belonging to the estate of said decedent for the payment of debts against his estate and for distribution of the residue of the proceeds of the land among his heirs, the complainants and defendants in the bill;

that in due time that cause was referred to the Clerk for a report as to the amount, of personal assets received, disbursed, and still in the hands of the administrator; as to *bona fide* debts against the estate theretofore paid by the administrator and those yet unpaid; and as to amount and value of real estate, and the necessity of selling same for payment of debts or for division of proceeds among the heirs.

It further appeared from that record that J. P. Davis, the plaintiff in the present action, claimed to be a creditor of that estate to the extent of $780, due by account for services rendered the decedent; that he filed his claim in that cause, and, pending the reference to the Clerk, was sworn by the Clerk, and gave his deposition to establish the justice of his said demand; and that his wife and daughter also appeared before the Clerk and gave their depositions for the same purpose.

After the examination of that Clerk and the introduction of the County Court record as evidence in the present case, as has already been stated, the plaintiff was placed upon the witness stand, and by his counsel asked to state whether or not he was sworn and testified as a witness in the said cause of *Davis et al.* v. *Davis et al.*, and whether or not the defendant in the present case had charged him with having committed perjury in his testimony, as contained in his deposition in that cause.

The defendant objected, and the Court refused

to permit the plaintiff to answer the question. The ground of the objection, as stated in the bill of exceptions, was "because neither the County Court nor its Clerk had any power or jurisdiction to hear, try, or determine said matter of account in controversy between J. P. Davis and the administrator, and because it was immaterial, and said Clerk could not legally administer said oath to the plaintiff."

The plaintiff's wife and daughter were each offered by him to prove that they heard the defendant make the charge against him (the plaintiff), but the Court refused to let them answer, upon the same objection by defendant.

The action of the Trial Judge in sustaining this objection and refusing to permit the witnesses to answer the questions is now assigned as error by appellant.

If it be true, as assumed in the first part of the objection, that the County Court had no jurisdiction of the matter of account in controversy, it would follow, as assumed in the latter part of the objection, that such matter of account and the deposition were immaterial in that proceeding, and that the Clerk was not authorized to administer the oath to the deponent. *Jones* v. *Marrs*, 11 Hum., 216; *Burkett* v. *McCarty*, 10 Bush, 758.

So that the paramount question, in this connection, is whether or not the County Court had jurisdiction of the matter about which J. P. Davis testified in his deposition. If such jurisdiction ex-

isted the testimony was material and the Clerk had authority to qualify deponent.

This record fails to state in what particular the Trial Judge deemed the County Court wanting in jurisdiction of the claim relative to which the plaintiff deposed. We infer, however, that he was of opinion that the County Court had jurisdiction to entertain a bill to sell land of a deceased person for the payment of debts, and to adjudicate disputed claims *only in cases of insolvency,* and that the jurisdiction failed in that case because *the insolvency* of the estate of Solomon Davis, deceased, *had not been suggested.*

Such is the position now taken by appellee's counsel, in argument at the bar, to sustain the action of the Court below.

The conclusion that the insolvency of the estate had not been suggested is fully justified by the record of the County Court proceedings. The bill did not allege such suggestion, but was framed as a bill in chancery to sell land to make assets for payment of debts under the Act of 1827, which did not require or contemplate a previous suggestion of insolvency.

By the plain letter of the Act the Chancery and Circuit Courts have jurisdiction of such a bill, and are authorized and required to adjudicate all claims presented against the estate of a decedent. Code (M. & V.), §§ 3105 and 3106.

And, by construction of that Act in connection with other provisions of the Code (§§ 5005, 5045,

4980, Subsec. 6), it is now well settled that the County Court has concurrent jurisdiction with the Chancery and Circuit Courts to sell land for the payment of debts, though the insolvency of the estate had not been formally suggested. *Burgner* v. *Burgner*, 11 Heis., 732; *Kindell* v. *Titus*, 9 Heis., 727; *Norville* v. *Coble*, 1 Lea, 467; *Connell* v. *Walker*, 6 Lea, 712.

Then it is certain that the County Court of DeKalb County had full jurisdiction of the matter about which the plaintiff gave his deposition; that the Clerk of that Court had ample authority to administer the oath to him, and that the testimony was material.

If that testimony be false the witness was guilty of legal perjury; and if true, the alleged charge that it was false is slanderous and actionable.

The action of the Court in rejecting the evidence offered by the plaintiff was erroneous. For that error the judgment is reversed, and the case remanded for a new trial. The appellee will pay the costs of appeal.